**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 15, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JUAN CARLOS SEGOVIA-
AGUILAR,

Defendant-Appellant.

No. 07-4274

District of Utah

(D.C. No. 2:07-CR-102-TS-1)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, **KELLY** and **McCONNELL**, Circuit Judges.

---

Defendant-Appellant Juan Carlos Segovia-Aguilar pleaded guilty to

possession of methamphetamine with intent to distribute, possession of a firearm

by a convicted felon, and aggravated reentry of a deported alien. The advisory

Sentencing Guidelines range was calculated at 78–97 months; Mr. Segovia-

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Aguilar requested a below-Guidelines sentence of 60 months, which was the statutory minimum for one of the counts. He was sentenced to 78 months, to be followed by 48 months of supervised release. He now challenges that sentence for substantive unreasonableness.

Mr. Segovia-Aguilar concedes that the Guidelines range was correctly calculated and that the district court addressed, on the record, all of the sentencing factors raised by the defendant's Sentencing Memorandum. He contends, however, that the 78-month sentence is substantively unreasonable, in light of his youth, lack of education, and financial support of his family in Mexico, and the "poignant" fact that he will be deported following his prison term.

A correctly calculated, procedurally reasonable, within-Guidelines sentence is entitled on appeal to a presumption of reasonableness. *United States v. Angel-Guzman*, 506 F.3d 1007 (10th Cir. 2007). While not a rubber stamp, appellate review of sentencing decisions is deferential. Mr. Segovia-Aguilar made essentially the same arguments in mitigation of his sentence to the district court that he makes on appeal, the district court accorded those arguments due consideration, and the court rendered a sentence at the bottom of the recommended range. It did not abuse its discretion.

The judgment of the United States District Court for the District of Utah is therefore **AFFIRMED**.

Entered for the Court

Michael W. McConnell
Circuit Judge